UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE C. GABLE,<br><br>       Plaintiff,<br> v.<br><br>WASHINGTON CORRECTIONS<br>CENTER FOR WOMEN, et al,<br><br>       Defendants. | Case No. 3:18-cv-05266-RBL-TLF<br><br>ORDER REGARDING PLANTIFF'S MOTION TO SEAL RECORD AND RENEWED MOTION TO SEAL RECORD |

   This matter is before the Court on plaintiff's motion to seal the entire record (Dkt. 24) and her renewed motion to seal the record (Dkt. 39). For the reasons set forth below, the Court finds compelling reasons to grant plaintiff's renewed motion to seal the record, but denies her initial motion to seal the entire record.

   After plaintiff filed her initial motion to seal, the Court found it failed to comply with Local Rule LCR 5. Dkt. 26, p. 1. The Court directed plaintiff to submit the relevant documents in relation to her motion and otherwise comply with Local Rule LCR 5(g)(3). *Id.* The Court gave plaintiff until July 20, 2018, to comply, and warned her that if she failed to do so, the Court would deny the motion without prejudice, allowing her to raise the motion later so long as she complies with the Court's Local Rules. *Id.* at p. 2.

   The Court subsequently granted defendants' motion for relief from a deadline, extending the deadline for plaintiff to comply with Local Rule 5 to August 10, 2015, to allow her to meet with defendants' counsel and to give defendants the opportunity to file a timely response. Dkt.

ORDER REGARDING PLANTIFF'S MOTION TO SEAL RECORD AND RENEWED MOTION TO SEAL RECORD - 1

36, p. 1. To date, plaintiff has not submitted the requested relevant documents as part of any response to the Court's specific orders regarding her motion to seal, nor does she appear to have otherwise so responded indicating she has complied with Local Rule 5(g).

Plaintiff filed a second "renewed" motion to seal record, in which she states she is renewing her initial motion to seal, because her motion for an emergency temporary restraining order ("TRO") with objections containing 16 exhibits of "medical documentation" was pending before the Court, and the record now contained "sensitive medical and mental health records to which privacy and HIPAA laws apply." Dkt. 39, p. 1. Plaintiff further states that if not sealed, those private medical and mental health records will be in the public domain, which will cause her irreparable injury. *Id.* at p. 2.

Plaintiff submitted 16 exhibits as part of and contained within the objections she filed (Dkt. 29) to the Report and Recommendation (Dkt. 25) denying her motion for a TRO (Dkt. 7) and motion for an emergency TRO (Dkt. 12). Most, but not all of those exhibits contain health care records or information concerning plaintiff's mental health and/or medical condition. Dkt. 29, pp. 14-59.

Defendants also submitted certain mental health treatment and treatment plan records as exhibits (Dkt. 11-1) attached to a declaration from Tiffany Carei, Ph.D. (Dkt. 11), a psychologist at the prison where plaintiff is incarcerated, in support of their response opposing plaintiff's initial motion for a TRO. It is not clear whether in her renewed motion to seal plaintiff is still attempting to seal the entire record as she does in her initial motion to seal, to seal just the exhibits she submitted, or to seal both those exhibits and the records defendants have submitted.

Plaintiff, furthermore, still does not appear to have complied with Local Rule LCR 5(g). For example, she has not filed the required certification that she has met and conferred with all

ORDER REGARDING PLAINTIFF'S MOTION TO SEAL RECORD AND RENEWED MOTION TO SEAL RECORD - 2

other parties in an attempt to reach an agreement on: the need to file under seal; minimizing the amount of material filed under seal; and exploring redaction and other alternative to filing under seal. Local Rule LCR 5(g)(3)(A). Plaintiff states that she contacted defendants' counsel via mail[1] to discuss the motion to seal record, but that she may be placed in disciplinary segregation, in which case she will not be granted access to her legal work for an indefinite period. Dkt. 39, p. 2.

Defendants request that the Court deny plaintiff's renewed motion to seal record without prejudice as well, because she still has not complied with Local Rule LCR 5. Although it is not clear whether plaintiff actually has been placed in disciplinary segregation or, if she has and currently remains there, whether she has access to her legal work, the Court agrees it appears that she has not complied with the Court's Local Rules.

Yet the Court finds compelling reasons to grant plaintiff's renewed motion to seal the record, but only to the extent that the motion seeks to seal those medical and mental health records submitted as part of her objections (Dkt. 29), as well as the declaration of Dr. Carei (Dkt. 11) and the mental health treatment and treatment plan records attached thereto (Dkt. 11-1). But because of the "strong presumption in favor of access to court records," *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), and because plaintiff has not articulated any specific reasons why the *entire* court record should be sealed, *Kemakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), plaintiff's initial motion to seal the entire record will be denied.

The public has a recognized right to inspect and copy public records and documents, including judicial ones. *United States v. Doe*, 870 F.3d 991, 996-97 (9th Cir. 20017); *Kemakana*, 447 F.3d at 1178. "Unless a particular court record is one 'traditionally kept secret,' a 'strong

---

[1] It is not clear whether plaintiff actually mailed the letter to defendants' counsel, or merely filed it with the Court. *See* Dkt. 37; Dkt. 40, p. 2.

ORDER REGARDING PLANTIFF'S MOTION TO SEAL RECORD AND RENEWED MOTION TO SEAL RECORD - 3

presumption in favor of access' is the starting point" in the Court's analysis of whether to seal the record.[2] *Kamakana*, 447 F.3d at 1178 (citations omitted).

The party seeking to seal a particular judicial record has the burden to overcome that presumption. *Id.*; *Center for Auto Safety*, 809 F.3d at 1096. To do so, that party must articulate "compelling reasons" that outweigh "the general history of access" to court records and "public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (citations omitted).

The Court must "conscientiously balance" the "competing interests" of the public and the party seeking to seal the judicial record. *Id.* at 1179. The determination as to what constitutes a "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety*, *supra* at 1097. Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, *supra* at 1179. The mere fact that producing a party's records may lead to "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Ninth Circuit has created an exception to "the presumption of access" for sealed discovery documents attached to non-dispositive motions. *Center for Auto Safety*, 809 F.3d at 1097. This is because the public has less of a need to access such documents, as they often are "only tangentially related" to the underlying cause of action. *Kamakana*, 447 F.3d at 1179 (citations omitted). Under this exception, the party seeking to seal a record need only satisfy the "good cause" standard. *Center for Auto Safety*, *supra* at 1097. However, the "key" is not whether the motion is dispositive or non-dispositive, but whether it is "more than tangentially related to the underlying cause of action." *Id.* at 1097-99; *Aguilar v. Koehn*, 2018 WL 4839021, at 2 (D.

---

[2] There are only "two categories that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Kamakana*, 447 F.3d at 1178.

ORDER REGARDING PLANTIFF'S MOTION TO SEAL
RECORD AND RENEWED MOTION TO SEAL RECORD - 4

Nev. Oct. 4, 2018).

Here, both parties have submitted sensitive medical and mental health records in relation to plaintiff's TRO motions. Dkt. 11, Dkt. 11-1, and Dkt. 29. While such motions technically are non-dispositive, a preliminary injunction is an "extraordinary and drastic" remedy that may affect a litigant's substantive rights. *Center for Auto Safety*, 809 F.3d at 1099 (citations omitted). Even though a motion for preliminary injunctive relief is non-dispositive in nature, this motion is "more than tangentially related to the merits" of the underlying cause of action, and therefore should be afforded "a presumption of access." *Id.*

Although plaintiff's medical and mental health records were not attached to the motions for TRO themselves, they were submitted in direct relation thereto by both parties. Plaintiff's TRO motions, furthermore, sought injunctive relief substantially similar to the injunctive relief she seeks in her complaint. Dkts. 3, 7, 12. Accordingly, the Court finds the "compelling reasons" standard should apply. *Center for Auto Safety*, 809. F.3d at 1102.

Defendants argue plaintiff has not demonstrated any compelling reasons for closing the entire judicial record. The Court agrees for the reasons set forth above. However, the Court does find sufficiently compelling reasons to seal the medical and mental health records submitted in relation to plaintiff's TRO motions. A number of courts have recognized "the need to protect medical privacy" qualifies as such an interest. *See Aguilar*, 2018 WL 4839021, at *2 (citing cases); *Gary v. Unum Life Ins. Co. of Am.*, 2018 WL 1811470, at *3 (D. Ore. Apr. 17, 2018) (finding no cases where medical information was not allowed to be filed under seal under the "compelling reasons" standard). The reason for this is that such records "contain sensitive and private information about" the party's health. *Aguilar*, *supra* at *2.

Defendants assert that plaintiff has waived her right to privacy in this matter by putting

her medical condition and treatment at issue and by submitting her medical and mental health records. But the Court agrees with the District of Nevada that:

> While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious medical need under the Eighth Amendment, this does not mean the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

*Aguilar*, 2018 WL 4839021, at *2; *see also Peterson v. Reinke*, 2017 WL 1138135, at *3 (D. Id. Aug. 24, 2017) (finding the plaintiff's interest in keeping mental health records private should not be sacrificed in order to be able to bring suit alleging unconstitutional conduct); *Karpenski v. American Gen. Life Co., LLC*, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) (finding that while the plaintiff put her health at issue in the lawsuit, the privacy of her "sensitive medical information," which is ensured by federal law, was nonetheless entitled to the court's protection) (citing Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. 104-191 (1996) (regulating use and disclosure of "Protected Health Information")).

While as defendants point out plaintiff has not complied with Local Rule 5 as directed, the Court finds the public's need to access the information regarding her medical and mental health does not outweigh plaintiff's interest in keeping that sensitive information confidential. *Aguilar*, 2018 WL 4839021, at *2. Sealing the medical and mental health records plaintiff submitted as part of her objections to the Report and Recommendation denying her TRO motions (Dkt. 29), along with both the exhibits attached to the declaration of Dr. Carei (Dkt. 11-1) and the declaration itself (Dkt. 11) – in which Dr. Carei directly discusses plaintiff's mental health condition and treatment – is thus warranted. *Karpenski*, 2013 WL 5588312, at *1 (finding the plaintiff's medical records and her treating physicians' declarations were entitled to protection)

ORDER REGARDING PLANTIFF'S MOTION TO SEAL RECORD AND RENEWED MOTION TO SEAL RECORD - 6

(citing *G. v. Hawaii*, 2010 WL 2607483 (D. Haw. June 25, 2010) (sealing deposition testimony containing information about the plaintiff's medical conditions and treatment)).

Accordingly, the Court hereby orders as follows:

(1) Plaintiff's motion to seal the entire record (Dkt. 24) is DENIED.

(2) Plaintiff's renewed motion to seal the record (Dkt. 39) is GRANTED as to: (a) the medical and mental health records plaintiff submitted as part of the objections she filed in relation to the Report and Recommendation denying her motions for TRO (Dkt. 29); and (b) both the declaration of Dr. Carei (Dkt. 11) and exhibits attached thereto (Dkt. 11-1).

(3) Dkt. 11, Dkt. 11-1, and Dkt. 29 shall be sealed in their entirety.

(4) The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

Dated this 25th day of October, 2018.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER REGARDING PLANTIFF'S MOTION TO SEAL RECORD AND RENEWED MOTION TO SEAL RECORD - 7