# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MICHELLE C. GABLE,

        Plaintiff,

v.

WASHINGTON CORRECTIONS CENTER FOR WOMEN, et al,

        Defendants.

No. 3:18-cv-05266-RBL-TLF

ORDER DENYING PLAINTIFF'S MOTION TO SEAL

This matter comes before the Court on plaintiff's motion to seal ECF 46. Dkt. 48. For the reasons set forth below, that motion is DENIED. The parties also are directed to meet and confer regarding submission of medical and mental health records and other similarly sensitive information in this case that may need to be redacted or filed under seal.

Plaintiff requests that her motion for leave to file an amended complaint (Dkt. 46) be sealed, first: because it "contains the same medical statements and information" she filed as part of her objections to the undersigned's Report and Recommendation concerning her two motions for preliminary injunctive relief (Dkt. 29); and second: because the materials filed as part those objections were ordered by the Court to be sealed (Dkt. 45).

The Court denies plaintiff's motion. Plaintiff has not complied with the requirements of United States District Court for the Western District of Washington Local Civil Rule (LCR)

ORDER - 1

5(g). Under that rule, a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal." Local Rule LCR 5(g). The motion must also include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." *Id.*

Plaintiff previously failed to meet the requirements of LCR 5(g), despite repeatedly being informed by the Court of the requirements of this Local Court Rule. *See* Dkts. 26, 36, 45. Plaintiff states the reasons for her request to seal, yet she did not file a certification that she has made any attempt meet or confer with defendants, or that she has explored "all alternatives" to filing under seal – as required by LCR 5(g). Although plaintiff is proceeding *pro se* in this matter, she is still required to abide by the Court's Local Rules.

The Court has previously ordered the same documents to be sealed, but that previous order does not provide a sufficient basis for plaintiff to repeatedly seek to seal sensitive records that she has chosen to file without complying with Local Rule LCR 5(g). While this Court's prior order sealed Dkt. 29 – along with Dkt. 11 and Dkt. 11-1 – that decision to seal is specifically limited to those portions of the record. Dkt. 45. The previous order to seal does not grant plaintiff the automatic right to have *future* records sealed, even where the records are the same as those previously ordered sealed.[1]

This is in accord with the Court's duty to "conscientiously balance" the "competing interests" of the public's right to inspect and copy public records, including judicial ones, and

---

[1] The Court notes that plaintiff does have an alternative – she may seek to enter into an agreement with opposing counsel to refer to records that have already been sealed, rather than re-submitting the same records again along with another motion to seal. Plaintiff has submitted many of the same records in support of her motion for appointment of counsel as well (Dkt. 42-1), though in her current motion to seal, plaintiff has not moved to have those records sealed.

ORDER - 2

those of the party seeking to seal sensitive materials. *United States v. Doe*, 870 F.3d 991, 996-97 (9th Cir. 2017); *Kemakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court recognizes that "the need to protect medical privacy" is often a reason to seal sensitive medical and mental health information, *see, e.g., Garry v. Unum Life Ins. Co. of Am.*, 2018 WL 1811470, at *3 (D. Ore. Apr. 17, 2018), yet this does not dispose of the need for a motion, a meet-and-confer, as well as an independent decision. The Court is required to independently consider each motion to seal, to decide whether the proper balance of interests has been met – which the requirements of Local Rule 5(g) seek to ensure.

Accordingly, in addition to denying plaintiff's motion to seal ECF 46, the parties also are hereby ORDED to:

(1) Requirement to Follow Local Rule 5(g)

Any party moving or otherwise seeking to have a document – that is or has been submitted to the Court – filed under seal must comply with the requirements of Local Rule LCR 5(g), as well as the requirements set forth in this Order.

(2) When a Document May Be Filed Under Seal

A party may file a document under sea1 only in the following situations: (a) a statute, rule, or prior court order expressly authorizes filing the document under seal, or (b) the party files a motion or stipulated motion to seal the document in accordance with the requirements of Local Rule 5(g) and this Order before or at the time the party files the sealed document.

(3) Motions to Seal: Certification and Reasons For

A motion to seal a document, even if it is a stipulated motion, must include the following:

ORDER - 3

(a) A certification that the party seeking to seal the document has made a good faith effort to meet and confer with all other parties in this action in an attempt to reach agreement on the need to: (i) file the document under seal, (ii) minimize the amount of material filed under seal, and (iii) explore all other alternatives to filing under seal including redaction. The certification must list the date, manner, and participants of the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

(b) A specific statement of the reasons for keeping the document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient.

(4) Exploration of Alternatives to Sealing

A party requesting to seal a document – whether such request is made prior to, at the time of, or after the document is filed with the Court – must before making the request: (a) explore all alternatives to sealing the document, and (b) include in the party's motion to seal the requisite certification as to that party's efforts in that regard and as otherwise required by Local Rule 5(g) and as directed herein.

(5) Filing of Private or Sensitive Information

A party shall only file private, medical, or other sensitive personal information as is reasonably necessary to prosecute or defend this litigation, and shall make all reasonable efforts to redact unnecessary or immaterial information. A party shall file a document or documents the party seeks to have sealed as a separate exhibit,

ORDER - 4

and shall otherwise comply with the requirements of Local Rule 5(g) in regard to the filing of documents under seal.

(6) Minimizing the Sealing of Documents

A party must minimize the number documents filed under seal or sought to be sealed, as well as the length of each document filed under seal or sought to be sealed. A party must make a good faith effort to designate for sealing only those documents that qualify for sealing, so that other documents for which sealing is not warranted are not unjustifiably excluded from public access.

(7) Prohibited Designations and Filings

The mass, indiscriminate, or routinized designation of documents for sealing or of requests or filing of motions for sealing is prohibited. Designations, requests, or filings that are shown to be clearly unjustified, or to have been knowingly done in violation of either Local Rule 5(g) or the directives contained herein, may expose the designating or requesting party to sanctions, including the denial of the party's motion or request to seal.

DATED this 5th day of November, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 5