# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MICHELLE C. GABLE,

    Plaintiff,

  v.

WASHINGTON CORRECTIONS CENTER FOR WOMEN, et al,

    Defendants.

CASE NO. 3:18-cv-5266-RBL-TLF

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter is before the Court on plaintiff's motion for appointment of counsel. Dkt. 42. Plaintiff is proceeding with this civil rights action *pro se* and *in forma pauperis*.

There is no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro*

ORDER - 1

*se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Plaintiff must plead facts showing she has an insufficient grasp of the case or the legal issue involved, and an inadequate ability to articulate the factual basis of the claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, a desire for better representation is not the legal test for deciding whether appointment of counsel is justified. *Rand*, 113 F.3d at 1525.

In this case, the plaintiff has not established a likelihood of success on the merits or an inability to articulate her claims in light of the complexity of legal issues involved. Plaintiff alleges she suffers from a medically determinable chemical injury, and that defendants have refused to accommodate her disability, instead treating it as a mental health issue. Dkt. 3, pp. 5-6. Plaintiff alleges that failure to accommodate has caused her severe pain and suffering. *Id.* at pp. 6-7. She seeks both damages and injunctive relief requiring defendants to accommodate her chemical sensitivities. *Id.* at p. 11.

In support of her motion, plaintiff asserts that *if proved*, her allegations would establish a constitutional violation. Dkt. 44, p. 12. However, there is no indication at this stage of the proceedings that plaintiff in fact will be able to prove her allegations. Plaintiff acknowledges in her complaint that the parties differ as to whether she has a chemical injury or is instead suffering from a mental health issue, and whether she requires any special accommodations. Plaintiff has not shown that the number of defendants (five) or the nature of the issues raised would require appointment of counsel at government expense. *See, Rupe v. Beard*, 2013 WL 841370, at *8 (E.D. Cal. Mar. 6, 2013) ("contention that the trial in this matter will involve 'conflicting testimony' is true of nearly every trial").

Plaintiff has demonstrated an ability to articulate her claims. Plaintiff's incarceration and limited legal training are not exceptional factors warranting the appointment of counsel. *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1998). Rather, they are the type of difficulties encountered by many pro se litigants. *Id.* The inability to obtain private counsel due to counsel declining representation also is not an exceptional circumstance requiring appointment of counsel. *Gibson v. Chief Medical Officer of Cal. Dept. of Corr.*, 2010 WL 1444510, at *2 (E.D. Cal. Apr. 9, 2010) ("inability to hire private counsel does not necessitate the appointment of counsel"). Plaintiff's legal filings – including her present motion and the memorandum of law (Dkts. 42, 44) – have demonstrated adequate understanding of the case and the issues involved, as well as sufficient ability to articulate the factual basis of her claims.

Accordingly, because plaintiff has failed to show a likelihood of success or an inability to articulate her claims *pro se*, appointment of counsel is not justified. *Wilborn*, 789 F.2d at 1331. Plaintiff's motion for appointment of counsel, Dkt. 42, is therefore DENIED.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

Dated this 5th day of November, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 3