HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE C. GABLE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON CORRECTIONS CENTER FOR WOMEN (WCCW) et al.,<br><br>　　　　　Defendant. | CASE NO. 3:18-CV-05266-RBL-TLF<br><br>ORDER ON PLAINTIFF'S MOTION TO ALTER JUDGMENT |

THIS MATTER is before the Court on Plaintiff Michelle Gable's Motion to Alter Judgment, which this Court will regard as a motion for reconsideration. Dkt. # 81. Gable challenges the Court's adoption of the Report of Recommendation of Magistrate Judge Fricke on April 28, 2020, which granted Defendants' Motion for Summary Judgment.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

1        Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of

2 finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

3 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly

4 unusual circumstances, unless the district court is presented with newly discovered evidence,

5 committed clear error, or if there is an intervening change in the controlling law." *Marlyn*

6 *Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither

7 the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for

8 reconsideration, is intended to provide litigants with a second bite at the apple. A motion for

9 reconsideration should not be used to ask a court to rethink what the court had already thought

10 through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.

11 Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration,

12 and reconsideration may not be based on evidence and legal arguments that could have been

13 presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.

14 Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to

15 the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima*

16 *Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

17        Here, Gable's Motion does not raise any new arguments that require the Court to alter its

18 previous adoption of the report and recommendation. As in her Objections, Gable argues that

19 disputes of fact preclude summary judgment and that her injuries are not speculative. The Court

20 //

21 //

22 //

1  will not revisit these issues absent a persuasive reason to do so. Gable provides no such reasons
2  and her Motion is accordingly DENIED.
3      IT IS SO ORDERED.
5      Dated this 12th day of June, 2020.

                        Ronald B. Leighton
                        United States District Judge

ORDER ON PLAINTIFF'S MOTION TO ALTER
JUDGMENT - 3